CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERNEST HAMPTON TURNER,<br>Plaintiff, | ) | Civil Action No. 7:25-cv-00377 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon<br>Chief United States District Judge |
| CPL. MERKLE, *et al.*,<br>Defendants. | ) | |

**MEMORANDUM OPINION**

Ernest Hampton Turner, acting *pro se*, brought this 42 U.S.C. § 1983 action alleging claims related to cell conditions at the Lynchburg Adult Detention Center. (Dkt. No. 1.) Turner sued thirteen defendants, and twelve of them now move to dismiss (Dkt. Nos. 28, 36).[1] Turner did not respond to the motions to dismiss.[2] The motions will be granted.

I. BACKGROUND[3]

Turner's complaint alleges that he was confined in dirty cells, including urine, fecal matter, and mucus, for four days before the cell was cleaned. He brought the conditions to the attention of the defendants without relief. He specifically alleges that on the morning of May 18, 2025, correctional officers Scott and Watiker were serving trays. Turner told them about the condition of his cell. They said they would bring cleaning supplies, but they never did. (Compl. 3.) Before lunch, Turner asked to be moved.

---

[1] One defendant, identified as "C.O Watiker," has not been served and could not be identified by the defendants. (Dkt. Nos. 27, 31.) The court will dismiss the claims against this defendant for the reasons stated in this opinion.

[2] The court notes that Turner was released from prison after he filed this action but has since returned to the Lynchburg jail. (Dkt. Nos. 5, 39.) None of the court's *Roseboro* notices were returned to the court as undeliverable.

[3] The following background is taken from the complaint, which is accepted as true for purposes of this opinion.

Turner later complained to Officer Nunez. Turner described filth on the walls, including urine, mucus, and snot. While doing pushups on a t-shirt on the floor, he noticed a pencil under the toilet, using a spoon to "flick it out," fecal matter "comes out as well." (*Id.* at 4-5.) As they were doing rounds, Turner asked Watiker and Scott to "look for themselves." (*Id.* at 5.) Turner circled all the spots on the wall. Turner got Officer Jackson to open the door and look for himself. Jackson asked Turner what he needed and said he would tell Lt. Clark.

Earlier, at 4:30 a.m. on May 18, 2025, Lt. Clark, Cpl. Merkle, and others woke plaintiff to take a urine screen. Turner was placed in cell 22 in segregation and pre-hearing detention. When he woke up for breakfast,he notice fecal matter was embedded in several sports on the floor, urine stains dried up on the walls, along with mucus, snot, and "whatever else." (*Id.*)

He showed Scott the conditions, and he said he would pass it along and get some cleaning supplies. Watiker stated that it was only his second day. On the next shift, Turner complained about sleeping and eating in the cell, and Officer Canzoni stated that it was "a shame" and walked off. (*Id.* at 6.)

Officers Campbell and Moore came to the cell at dinner during tray pick-up and noticed fecal matter and other spots on the floor. Campbell returned with a broom and some Barbicide. Campbell stated he did not have access to bleach or a mop. (*Id.* at 6.) Turner also complained about the fecal matter to Lt. Braggins during her daily rounds. (*Id.* at 7.) Turner states that the cell was in a dirty condition for four days until it was deemed a "biohazard" and it was cleaned and sanitized. (*Id.*) Turner "filed a grievance against all officers involved." He requests five million dollars in damages. (*Id.* at 8.)

## II. ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**B. Conditions of Confinement Claim**

The court construes Turner's complaint as alleging unconstitutional conditions of confinement. Turner's complaint does not establish with clarity whether he is a convicted inmate or a pretrial detainee. Defendants have attached documents showing that Turner was being detained before trial at the time of the allegations in his complaint. (Dkt. No. 29-1.) The court may take judicial notice of these documents without converting the Rule 12(b)(6) motions into summary judgment motions. *See Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

Thus, Turner's claim is governed by the Due Process Clause of the Fourteenth Amendment. *See Rosser v. Gardner*, Civil Action No. 7:24-cv-00617, 2025 WL 2496253, at *2 (W.D. Va. Aug. 29, 2025) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

The Fourteenth Amendment prohibits conditions of confinement that amount to punishment of a pretrial detainee because "a detainee may not be punished prior to an adjudication of guilt." *Hammock v. Watts*, No. TDC-22-cv-0482, 2023 WL 2457242, at *6 (D.Md. Mar. 10, 2023) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To state such a claim, a pretrial detainee must plead facts sufficient to establish that he was subjected to a condition of confinement that posed a substantial risk of serious harm, that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed," and that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023); *see also Moss v. Trent*, Case No. 7:23-cv-00116, 2025 WL 84218, at *3 (W.D. Va. Jan. 13, 2025) (citing *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017), and *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016), as applying a similar standard).

A condition or restriction of confinement is impermissible under the Fourteenth Amendment when it is "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Short*, 87 F.4th at 606 (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citing *Bell*, 441 U.S. at 538–40). Rather, the defendants' acts or omissions must be alleged as "objectively unreasonable,"

because "the defendant should have known of that condition and that risk, and acted accordingly." *Short*, 87 F.4th at 611.

Turner has failed to allege conditions that are sufficiently serious to violate due process. While a due process claim does not include a subjective component, courts still examine Eighth Amendment claims to determine whether conditions are objectively deficient. *See, e.g.*, *Charles v. Wozniak*, 1:23cv154 (CMH/JFA), 2025 WL 2255099, at *7 (E.D. Va. Mar. 28, 2025) (citing *Younger v. Crowder*, 79 F.4th 373, 381 n.11 (4th Cir. 2023)). Only "extreme deprivations are adequate" to state a claim for unconstitutional conditions of confinement. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Courts have held that confinement in a dirty cell with feces or other objectionable substances for longer than alleged by Turner does not rise to the level of a constitutional violation. While "the sight and odor of human waste is distasteful, it does not rise to the level of cruel and unusual punishment." *Saunders v. Burton*, Civil Action No. 5:21-00322, 2022 WL 8299859, at *15 (S.D.W. Va. June 17, 2022) (finding no constitutional violation where plaintiff alleged confinement in a flooded cell with human waste for several days); *Nickens v. Duffield Reg'l Jail Auth.*, No. 7:23-CV-00418, 2023 WL 8283650, at *2 (W.D. Va. Nov. 30, 2023) (holding that an inmate's "allegation that he lived in a cell with smeared feces for four days, while unpleasant, is not severe enough o state a condition of confinement claim"). Thus, Turner has failed to state a plausible claim for unconstitutional conditions of confinement.

## III. CONCLUSION

The court will issue an appropriate order granting the motions to dismiss and dismissing this matter in its entirety.

Entered: September 9, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge